IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TYRUS N. GREEN, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:20-CV-251-Z-BR |
| NEAL UNIT, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

This matter comes before the undersigned upon review of the Complaint, (ECF 4; ECF 5), as required by 28 U.S.C. § 1915A. For the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted and lack of jurisdiction.

I. ANALYSIS

Plaintiff alleges in his Complaint and responses to the questionnaire, which the undersigned construes as an Amended Complaint, that he was exposed to COVID-19 while confined in the Neal Unit of the Texas Department of Criminal Justice ("TDCJ"). (ECF 4; ECF 5). This exposure, he avers, poses a risk to his health. (*Id.*). Importantly, Plaintiff does not ever allege to have actually contracted the virus.

When determining whether a plaintiff has stated a claim sufficient to avoid dismissal, courts are to accept well-pleaded allegations and construe them in a light most favorable to the non-movant, but need not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir.

2007). Plaintiffs "must plead that each [g]overnment official defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

To state a valid claim under the Eighth Amendment, a plaintiff must assert that he faces a substantial risk of serious bodily harm, a fact the prison official must be aware of and failed to take steps to abate. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Importantly, the mere "incidence of diseases or infections, standing alone," does not imply unconstitutional conditions of confinement. *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020). Instead, there must exist a denial of basic human needs – an extremely high standard. *Id*.

With those principles in mind, the undersigned must examine the particulars of Plaintiff's allegations. Indeed, Plaintiff is entitled to a liberal reading of his filings. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). However, the most careful reading serves only to confirm that Plaintiff cannot succeed here.

The information before the undersigned does not show that Plaintiff ever contracted the virus. But even if he had at some point subsequent to the filing of this case, the 5th Circuit has concluded that TDCJ's COVID-19 mitigation efforts, and the spread of the illness in its facilities do not rise the level of an Eighth Amendment violation. *Valentine*, 956 F.3d at 801; *Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021). However, even if the undersigned were to consider the allegations on the merits, Plaintiff has only stated two threadbare concerns. First, that he is not being afforded adequate access of sanitation supplies to protect himself from the virus. (ECF 3; ECF 5). Second, that crowded spaces and inadequate ventilation systems are causing him exposure. (*Id.*). Neither of those allegations, even viewed in a most sympathetic light, come close to stating the sort of conduct needed to sustain a claim of the type Plaintiff advances.

## II. RECOMMENDATION

For the foregoing reasons, it is the recommendation of the United States Magistrate Judge to the United States District Judge that the Complaint, (ECF 4), be dismissed with prejudice for failure to state a claim upon which relief can be granted and, consequently, lack of jurisdiction.[1] It is further recommended that this matter be considered a strike within the meaning of 28 U.S.C. § 1915(g).

## III. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 18, 2023.

*(signed)* LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

---

[1] Even if the undersigned were to conclude Plaintiff had stated an Eighth Amendment claim, his suit would fail for reasons of Eleventh Amendment immunity. Suits against state agencies are suits against the state for purposes of Eleventh Amendment analysis. *Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 570, 580 (N.D. Miss. 2011). Defendant Neal Unit is a subdivision of the State of Texas. Accordingly, it is immune from suit.

court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).